UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
MIAMI DIVISION

**Civil Action Number:**

JESUS GONZALEZ

    Plaintiff,
vs.

GABLES CANTINA CORPORATION
d/b/a Xochimex Cantina Grill and
PONCE DE LEON PROPERTIES L.C.

    Defendants.
_____/

**COMPLAINT FOR INJUNCTIVE RELIEF**

Plaintiff Jesus Gonzalez ("Plaintiff"), by and through his undersigned counsel, hereby sues Defendant Gables Cantina Corporation doing business as Xochimex Cantina Grill restaurant and Defendant Ponce de Leon Properties L.C. for injunctive relief pursuant to 42 U.S.C. §§12181-12189 of the Americans with Disabilities Act ("ADA") and 28 C.F.R. Part 36 and alleges:

**JURISDICTION**

1. This is an action for declaratory and injunctive relief pursuant to Title III of the Americans with Disabilities Act ("ADA") 42 U.S.C. §§12181-12189. This Court is vested with original jurisdiction under 28 U.S.C. §1331.

2. Venue is proper in the Court, pursuant to 28 U.S.C. §1391(b) in that all events giving rise to this lawsuit occurred within the Southern District of Florida and the subject premises is located within the jurisdiction of this Court.

3. Defendants are conducting business within the State of Florida and within the jurisdiction of this court.

## PARTIES

4. Plaintiff Jesus Gonzalez is a resident of the state of Florida. Plaintiff has a "qualified disability" under the ADA as he is disabled with neuropathy and nerve damage due to radiation and utilizes a wheelchair for mobility. Plaintiff's disability is defined in 42 US Code §12102(1)(A), (2) and in 28 C.F.R. §36.105(b)(2) and 28 C.F.R. §36.105(2)(iii)(D). Plaintiff is also a "tester" to determine whether public accommodations are in compliance with the ADA/ADAAG.

5. Defendant Gables Cantina Corporation (also referenced as "Defendant Gables Cantina," "operator," lessee" or "co-Defendant") is a Florida for-profit corporation which is the owner/operator of the Xochimex Cantina Grill restaurant located at 2209 Ponce de Leon Boulevard, Coral Gables, Florida 33134, which is the subject of this action.

6. Defendant Ponce de Leon Properties L.C. (also referenced as "Defendant Ponce Properties," "lessor," "owner," or "co-Defendant") is a Florida limited liability company which is the owner of Folio 03-4108-007-2330, which represents real property located at 2201 Ponce de Leon Boulevard, Coral Gables, Florida 33134. Defendant Ponce Properties' real property is commercial property built-out as a Verizon retail store (at 2201 Ponce de Leon Boulevard), a Subway fast-food restaurant (at 2211 Ponce de Leon Boulevard) and the Xochimex Cantina Grill restaurant (at 2209 Ponce de Leon Boulevard).

## FACTS

7. At all times material hereto, Defendant Ponce Properties has been leasing a portion of its Ponce de Leon Boulevard commercial property to Defendant Gables Cantina

2

who in turn has been operating its Xochimex Cantina Grill restaurant within that leased space.

8. Defendant Gables Cantina's Xochimex Cantina Grill restaurant serves food and drinks and is open to the general public; therefore, it is a place of public accommodation pursuant to 42 U.S.C. §12181(7)(B) and 28 C.F.R. §36.104(2) as "[A] restaurant, bar, or other establishment serving food or drink." The Xochimex Cantina Grill restaurant which is the subject to this action is also referred to as "restaurant," or "place of public accommodation."

9. As the owner/operator of the subject restaurant which is open to the public, Defendant Gables Cantina is defined as a "Public Accommodation" within meaning of Title III because it is a private entity which owns and operates an establishment serving food and drinks; 42 U.S.C. §12182, §12181(7)(B); 28 C.F.R. §36.104(2).

10. As the owner of commercial property part of which is built out as a restaurant and which is operated as the Xochimex Cantina Grill (which is open to the general public), Defendant Ponce Properties is also defined as a "Public Accommodation" within meaning of Title III; 42 U.S.C. §12182, §12181(7)(B) and 28 C.F.R. §36.104(2).

11. Due to the close proximity of the Xochimex Cantina Grill restaurant to Plaintiff's home, on December 28, 2021 Plaintiff went to the restaurant with the intent of purchasing a meal and to test for compliance with the ADA/ADAAG.

12. Plaintiff had difficulty perambulating into the restaurant with his wheelchair due to the weight of the entry door and found that the seating area was not compliant with the ADA. In addition, while testing/dining within the restaurant, Plaintiff had occasion to

visit the restroom and, in that restroom, Plaintiff met multiple areas of inaccessibility due to the fact that he is confined to his wheelchair.

13. While Plaintiff had purchased a meal at the Xochimex Cantina Grill restaurant and dined therein, Plaintiff left feeling excluded, humiliated and dejected.

14. Plaintiff has been denied full and equal access by the operator of the Xochimex Cantina Grill restaurant (Defendant Gables Cantina) and by the owner of the commercial property which houses the restaurant (Defendant Ponce Properties).

15. On information and belief, as the owner/operator of the Xochimex Cantina Grill restaurant, Defendant Gables Cantina is aware of the need to provide equal access to individuals with disabilities. Defendant Gables Cantina's failure to reasonably accommodate individuals with disabilities at its restaurant is/was willful, malicious, and oppressive and in compete disregard for the Civil Rights of Plaintiff and in violation of 28 C.F.R. §36.302.

16. On information and belief, as an investor in commercial property, Defendant Ponce Properties is aware of the ADA and the need to provide for equal access within its commercial property. Therefore, Defendant Ponce Properties' failure to reasonably accommodate individuals with disabilities within the commercial space which it leases to Defendant Gables Cantina is/was willful, malicious, and oppressive and in compete disregard for the Civil Rights of Plaintiff and in violation of 28 C.F.R. §36.302.

17. Based on the above delineated access impediments, Plaintiff has been denied full and equal access by the operator of that restaurant (Defendant Gables Cantina) and by the owner of the commercial property which houses the restaurant (Defendant Ponce Properties).

18. As a result of the joint and several discrimination by Defendants, Plaintiff has suffered loss of dignity, mental anguish and other tangible injuries and has suffered an injury-in-fact.

19. Plaintiff continues to desire to patronize and/or test the Xochimex Cantina Grill restaurant, but Plaintiff continues to be injured in that he is concerned that he will again be humiliated, segregated, and discriminated against due to the non-compliance of that restaurant and barriers to access, all which are in violation of the ADA.

20. Any and all requisite notice has been provided.

21. Plaintiff has been obligated to retain the civil rights law office of J. Courtney Cunningham, PLLC and has agreed to pay a reasonable fee for services in the prosecution of this cause, including costs and expenses incurred. Plaintiff is entitled to recover those attorney's fees, costs and expenses from Defendants pursuant to 42 U.S.C. §12205.

## COUNT I – VIOLATIONS OF TITLE III OF THE ADA

22. The ADA was enacted and effective as of July 26, 1990 and ADA legislation has been protecting disabled persons from discrimination due to disabilities since that time. Over thirty years have passed since enactment of the ADA and there is no excuse for public accommodations and places of public accommodation to have failed to comply with the legislation.

23. Congress explicitly stated that the purpose of the ADA was to:

(i) provide a clear and comprehensive national mandate for the elimination of discrimination against individuals with disabilities;
(ii) provide clear, strong, consistent, enforceable standards addressing discrimination against individuals with disabilities; and,
(iii) invoke the sweep of congressional authority, including the power to enforce the fourteenth amendment and to regulate commerce, in order to address the major areas of discrimination faced on a daily by people with disabilities.

42 U.S.C. §12101(b)(1)(2) and (4).

24. Prior to the filing of this lawsuit, Plaintiff personally visited the Xochimex Cantina Grill restaurant located at 2209 Ponce de Leon Boulevard to purchase a meal and/or test the public accommodation for compliance with the ADA/ADAAG; however, Plaintiff was denied adequate accommodation because, as a disabled individual who utilizes a wheelchair for mobility, he met barriers to access when seeking access to the restaurant's goods and services and when utilizing the restroom. Therefore, Plaintiff has suffered an injury in fact.

25. Defendant Gables Cantina and Defendant Ponce Properties have discriminated (and continue to discriminate) against Plaintiff by denying full and equal access to, and full and equal enjoyment of, goods, services, facilities, privileges, advantages and/or accommodations at the Xochimex Cantina Grill restaurant in derogation of 42 U.S.C. §12101 *et seq.* and as prohibited by 42 U.S.C. §12182 *et seq.*, by failing to remove barriers to access pursuant to 42 U.S.C. §12182(b)(2)(a)(iv), where such removal is readily achievable.

26. Plaintiff has been unable to, and continues to be unable to, enjoy full and equal safe access to, and the benefits of, the accommodations and services offered at the Xochimex Cantina Grill restaurant.

27. Defendants are jointly and singularly governed by the ADA and must be in compliance therewith. Defendants have jointly and severally discriminated against disabled patrons in derogation of 28 C.F.R. Part 36.

28. Pursuant to the mandates of 42 U.S.C. §12134(a), on July 26, 1991 (as amended), the Department of Justice, Office of the Attorney General, promulgated Federal

Regulations to implement the requirements of the ADA, known as the Americans with Disabilities Act Accessibility Guidelines (hereinafter "ADAAG"), 28 C.F.R. Part 36, under which said Department may obtain civil penalties of up to $75,000 for the first violation and $150,000 for any subsequent violation.

29. The commercial space which is owned by Defendant Ponce Properties and houses the Xochimex Cantina Grill restaurant which is owned and operated by Defendant Gables Cantina is in violation of 42 U.S.C. §12181 *et seq.,* the ADA and 28 C.F.R. §36.302 *et seq.* Both Defendants are discriminating against the Plaintiff as a result of *inter alia*, the following specific violations:

i. As to Defendant Gables Cantina (lessee/operator) and Defendant Ponce Properties (owner/lessor) (jointly and severally), Plaintiff had difficulty using the main door without assistance, as the main door does not have a sloped surface with in the required maneuvering clearance of the door. This is a violation of Section 4.13.6 of the ADAAG and Section 404.2.4 of the 2010 ADA Standards for Accessible Design. Section 4.13.6 states that the minimum maneuvering clearances for doors be within specifications shown in Fig. 25 and that the ground floor within the required clearance be level and clear. The clear maneuvering clearance for a front approach must be 48 min (and for side approach, 54 by 42 min), which not attained in the instant case.

ii. As to Defendant Gables Cantina (lessee/operator) and Defendant Ponce Properties (owner/lessor) (jointly and severally), Plaintiff had difficulty using the interior seating (dining tables), as the restaurant dining did not provide for designated handicapped seating accessible by wheelchair, in violation of 28 C.F.R. Part 36,

7

        Section 4.32.4 and Section 5.4 of the ADAAG and 2020 ADA Standards for Accessible Design Section 902 (provision of accessible toe and knee clearance) and Section 226 (where dining surfaces are provided for the consumption of food or drink, at least five percent (5%) of the seating spaces and standing spaces at the dining surfaces comply with Section 902), which requires that all dining areas, including outdoor seating areas be accessible in clear floor/ground space, size and height.

iii.    Likewise, the exterior seating provided by the restaurant did not provide for designated handicapped seating accessible by wheelchair. Therefore, Defendant Gables Cantina (lessee/operator) and Defendant Ponce Properties (owner/lessor) (jointly and severally) are additionally in violation of 28 C.F.R. Part 36, Section 4.32.4 and Section 5.4 of the ADAAG and 2020 ADA Standards for Accessible Design Sections 902 and 226.

iv.    As to Defendant Gables Cantina (lessee/operator) and Defendant Ponce Properties (owner/lessor) (jointly and severally), Plaintiff could not enter the lavatory without assistance, as it does not have the required maneuvering clearance on the pull side of the door for due to a wall which encroaches over the accessible water closet clear floor space. This is a violation of 4.13.6 of the ADAAG which delineates maneuvering clearances at doors, specifically as delineated within Fig.25(a) and Fig.25(b). Fig.25(a) depicts maneuvering clearance front approach is 60 inches on the approach and 18 inches to the side. Fig.25(b) depicts that the side approach of the pull side of the door requires a minimum of 36 inches to the side and 60 inches to the approach. This is also a violation of 2010 ADA Standards for Accessible Design

        Section 404.2.4 (swinging doors maneuvering clearance) and Section 604.3.1 (water closet clearance shall be 60 inches (1525 mm) minimum measured perpendicular from the side wall and 56 inches (1420 mm) minimum measured perpendicular from the rear wall).

v. As to Defendant Gables Cantina (lessee/operator) and Defendant Ponce Properties (owner/lessor) (jointly and severally), Plaintiff could not transfer to the toilet without assistance, as the required maneuvering clearance was not provided due to the encroaching item (trash can), which encroaches over the accessible water closet clear floor space. This is a violation of Section 4.16.2 of the ADAAG (which specifies the amount of space required at an accessible toilet, which includes clear floor space around fixtures) and Section 604.3.1 of the 2010 ADA Standards for Accessible Design which states that water closet clearance shall be 60 inches (1525 mm) minimum measured perpendicular from the side wall and 56 inches (1420 mm) minimum measured perpendicular from the rear wall).

vi. As to Defendant Gables Cantina (lessee/operator) and Defendant Ponce Properties (owner/lessor) (jointly and severally), Plaintiff could not transfer to the toilet without assistance, as the required maneuvering clearance was not provided due to a wall which limits the accessible water closet clear floor space. This is a violation of Section 4.16.2 of the ADAAG (identifying clear floor space) and Section 604.3.1 of the 2010 ADA Standards for Accessible Design which delineates that water closet clearance shall be 60 inches (1525 mm) minimum measured perpendicular from the side wall.

    vii.    As to Defendant Gables Cantina (lessee/operator) and Defendant Ponce Properties (owner/lessor) (jointly and severally), Plaintiff could not use the toilet without assistance, as the toilet is mounted at a non-compliant distance from the side wall. This is a violation of Sections 4.16.2 of the ADAAG and Sections 604.2 of the 2010 ADA Standards for Accessible Design. According to Section 4.16.2 at Fig 28, the toilet should be mounted 18 min (455 mm) from the side wall to the center line of toilet. The side wall mount shall be either mounted 455 mm from the side wall to the center line of toilet or min 1065 cm from the side wall to the center of the toilet.

    viii.    As to Defendant Gables Cantina (lessee/operator) and Defendant Ponce Properties (owner/lessor) (jointly and severally), Plaintiff could not transfer to the toilet without assistance, as the side wall grab bar does not have the required clearance because the toilet paper dispenser is mounted over the side wall grab bar which infringes on the required space. Wall-mounted objects such as toilet paper dispensers can interfere with the use of grab bars if placed above grab bars which is a violation of Section 4.26 of the ADAAG and Section 609.3 of the 2010 ADA Standards for Accessible Design which states that the space between the grab bar and projecting objects below and at the ends shall be 1½ inches (38 mm) minimum, and the space between the grab bar and projecting objects above shall be 12 inches (305 mm) minimum. Further, Section 4.26.2 Fig. 39(d) demarks that clear space above the grab bar must be 18 inches for a recessed grab bar and Fig. 39(a) demarks 1½ inches (38 cm) clear space above the grab bar.  In this instant case, the space between the wall and grab bar is not as required by Section 4.26.2

    ix.    As to Defendant Gables Cantina (lessee/operator) and Defendant Ponce Properties (owner/lessor) (jointly and severally), Plaintiff could not use the toilet paper dispenser without assistance, as the toilet paper dispenser is not in the proper position in front of the water closet or at the correct height above the finished floor, in violation of Section 4.16.6 and Fig. 29 of the ADAAG and Section 604 of the 2010 Standards for Accessible Design. Section 4.16.6 states that toilet paper dispensers shall be installed within reach as shown in Fig. 29(b). Section 604.7 states that toilet paper dispensers shall comply with Section 309.4 and shall be 7 inches (180 cm) minimum and 9 inches (230 cm) maximum in front of the water closet measured to the centerline of the dispenser. Further, the outlet of the dispenser shall be 15 inches (380 mm) minimum and 48 inches (1220 mm) maximum above the finished floor and shall not be located behind grab bars. Section 604.9.6 further states that there must be a clearance of 1½ inches (38 mm) minimum below the grab bar and that dispensers shall not be of a type that controls delivery or that does not allow continuous paper flow. The subject toilet paper dispenser is in violation of these sections.

30.    Pursuant to 42 U.S.C. §12101et seq. and 28 C.F.R. §36.304, Defendants are required to make the Xochimex Cantina Grill restaurant commercial space located at 2209 Ponce de Leon Boulevard accessible to persons with disabilities since January 28, 1992. Defendants have jointly and severally failed to comply with this mandate.

31.    Pursuant to 42 U.S.C. §12188, this Court is vested with the authority to grant Plaintiff injunctive relief, including an order to alter the commercial property and the

restaurant therein such that it is made readily accessible to, and useable by, individuals with disabilities to the extent required by the ADA.

**WHEREFORE,** Plaintiff Jesus Gonzalez hereby demands judgment against the commercial property owner Defendant Ponce de Leon Properties L.C. and Defendant Gables Cantina Corporation (the operator of the Xochimex Cantina Grill restaurant located within that commercial property) and requests the following relief:

a) The Court declare that Defendants have violated the ADA;

b) The Court enter an Order directing Defendants to evaluate and neutralize their policies, practices and procedures toward persons with disabilities,

c) The Court enter an Order requiring Defendants to alter the commercial property and the Xochimex Cantina Grill restaurant located therein such that all areas are accessible to and usable by individuals with disabilities to the full extent required by the Title III of the ADA;

d) The Court award reasonable costs and attorneys fees; and

e) The Court award any and all other relief that may be necessary and appropriate.

Dated this 23rd day of May 2022.

                                              Respectfully submitted,

                                              */s/ J. Courtney Cunningham*
J. Courtney Cunningham, Esq.
J. COURTNEY CUNNINGHAM, PLLC
FBN: 628166
8950 SW 74th Court, Suite 2201
Miami, Florida 33156
Telephone:  305-351-2014
Email: cc@cunninghampllc.com
*Counsel for Plaintiff*